UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLER R. BROWN, | No. 2:20-cv-1734 DB P |
| Plaintiff, | |
| v. | ORDER |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims that an unnamed defendant violated his Eighth Amendment rights by failing to protect him. Plaintiff also claims that defendants Allen and Chao were deliberately indifferent in violation of his Eighth Amendment rights. Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 10) and his complaint for screening (ECF No. 1).

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 10.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states that the events giving rise to his claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) Plaintiff names as defendants correctional officer Chao, correctional officer Allen, and a Lieutenant at MCSP ("Doe") whose identity is not known but who was on "2nd watch" on August 28, 2019. (Id. at 2.)

Plaintiff's complaint contains the following allegations: on or about August 28, 2019 plaintiff informed defendant Doe that he had been attacked by other inmates and that he had concerns about his safety. (Id. at 3.) Defendant Doe refused to assist plaintiff and directed him to

3

return to his cell, stating that he did not see any injuries on plaintiff. (Id.) During this interaction, plaintiff's cellmate threatened the plaintiff. (Id.) Plaintiff's cellmate is affiliated with the inmates who previously assaulted the plaintiff. (Id.) Despite the threats from plaintiff's cellmate, defendant Doe ordered plaintiff to return to his cell. (Id.) Plaintiff refused to return to his cell. (Id.) Plaintiff was later attacked by other inmates resulting in plaintiff requiring surgery. (Id.) Plaintiff does not provide the date of this assault or any additional details about it.

Plaintiff also alleges that defendants Chao and Allen violated plaintiff's Eighth Amendment rights by ignoring plaintiff's "pleas for intervention in a potential battery." (Id. at 4.) Plaintiff claims that defendants Chao and Allen knew that by refusing to assist plaintiff, they were permitting plaintiff to be assaulted. (Id.) It is unclear from the facts in the complaint if this assault is connected to the one alleged in the claim against defendant Doe.

### III. Does Plaintiff State a Claim under § 1983?

#### A. Legal Standards under the Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

#### B. Eighth Amendment Failure to Protect

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

### C. Analysis

#### 1. Claim I - Defendant Doe

Plaintiff alleges that his Eighth Amendment rights were violated by defendant Doe due to his failure to protect the plaintiff. (ECF No. 1 at 3.) Plaintiff has not alleged sufficient facts to show that a serious risk of harm existed and that defendant Doe was aware of that risk. The complaint states that plaintiff told defendant Doe that he had "safety concerns" and that he had been attacked previously. (Id.) However, these facts do not show that defendant Doe knew a substantial risk of harm existed. On their own, the facts that plaintiff was concerned for his safety and had previously been attacked do not indicate there existed a substantial risk of harm. As such, these facts are not sufficient to establish threat a substantial risk of harm existed or that defendant Doe was had knowledge of a substantial risk of harm to the plaintiff.

Plaintiff also fails to allege sufficient facts to establish causation between the constitutional violation and plaintiff's harm. While the plaintiff does claim his cellmate threatened him in front of defendant Doe, plaintiff also states that he refused to enter the cell. This appears to indicate that plaintiff prevented any potential harm from defendant Doe's failure to protect the plaintiff from his cellmate. Plaintiff claims that he was later assaulted but does not allege any facts which connect defendant Doe's inaction on August 28, 2019 and plaintiff's

5

eventual assault. Thus, plaintiff has failed to allege facts sufficient to establish causation between the claimed Eighth Amendment rights violation and the harm he suffered.

Accordingly, plaintiff has failed to allege facts sufficient to state a claim for failure to protect against defendant Doe. Plaintiff will be given the opportunity to amend his complaint to state a claim.

### 2. Claim II - Defendants Chao and Allen

Plaintiff claims that defendants Chao and Allen were deliberately indifferent to the safety of the plaintiff in violation of his Eighth Amendment rights. (Id. at 4.) Though plaintiff states that this is a claim for "deliberate indifference," this portion of the complaint focuses entirely on a failure to protect claim. (See ECF No. 1 at 4.) As plaintiff must show that the defendants acted with deliberate indifference to make a failure to protect claim, it appears most likely that plaintiff intends to make an Eighth Amendment failure to protect claim against defendants Chao and Allen.

Plaintiff fails to allege sufficient facts to state a claim for failure to protect against defendants Chao and Allen. Plaintiff does not allege any facts that show defendants had any knowledge that a substantial risk of harm to the plaintiff existed. Though plaintiff claims that he asked defendants to intervene in a "potential battery" of the plaintiff (ECF No. 1 at 4), the complaint does not provide any details about the potential battery or what information plaintiff conveyed to the defendants. It is also unclear whether the assault discussed in this claim is connected or separate from the assault alleged in the plaintiff's claim against defendant Doe. Without additional factual allegations, it is impossible to determine whether defendants knew a substantial risk to the plaintiff existed. Thus, the facts alleged in the complaint are insufficient show that the defendants acted with deliberate indifference in failing to protect the plaintiff.

Accordingly, plaintiff has failed to allege sufficient facts to state an Eighth Amendment claim against defendants Chao and Allen. Plaintiff will be given an opportunity to amend his complaint to state a claim.

////

////

**AMENDING THE COMPLAINT**

This court finds above that plaintiff's complaint fails to state cognizable claims against defendants Chao, Allen, and Doe. Plaintiff will be given leave to file an amended complaint to state claims against defendants Chao, Allen, and Doe or any other defendant. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**USAGE OF "DOE" DEFENDANTS**

The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Eventually, plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names. Since by this order plaintiff will be granted the option to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendant without further assistance from the court. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

Further, "John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person. If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his

8

| | |
|---|---|
| 1 | rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 did Y."  Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009). |

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 10, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/brow1734.scrn